

**U.S. Department of Justice**

Criminal Division

*Appellate Section*  *Washington, D.C. 20530*

September 15, 2023

**VIA ECF**

Hon. Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94119

    **Re:**   *United States v. Motley*, **No. 21-10296**

Dear Ms. Dwyer:

    The government writes in response to defendant-appellant Myron Motley's letter of September 14, 2023. The government agrees that, as defendant's letter states, in accordance with this Court's decision in *United States v. Montoya*, ___ F. 4th ___, 2023 WL 5945973 (9th Cir. Sept. 13, 2023) (*en banc*), the district court here erred in failing to orally pronounce or incorporate by reference the standard conditions of supervised release it imposed. However, Motley's contention that this Court should strike the standard conditions is incorrect. As this Court made clear in *Montoya*, in cases such as this, a "limited remand approach is appropriate" in which this Court will "vacate only the conditions of supervised release that were referred to as the 'standard conditions' in the written sentence but were not orally pronounced" and allow the district court to "cure its error by orally pronouncing any of the standard conditions of supervised release that it chooses to impose and by giving [the defendant] a chance to object to them." *Montoya*, 2023 WL 5945973, at *11; *see also United States v. Reyes*, 18 F.4th 1130, 1139 (9th Cir. 2021) (noting that a limited remand of only the supervised release portion of the sentence is an appropriate remedy when notice is not given before the imposition of supervised-release conditions); *see generally* Gov. Answering Brief 66 & n.10.

Respectfully submitted,

/s/ Javier A. Sinha
Javier A Sinha
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Ste. 1264
Washington, DC 20530
(202) 353-1787
javier.sinha@usdoj.gov

*Counsel for Appellee United States*